BERZON, Circuit Judge,
concurring:
I write separately to respond to Judge Watford’s suggestion that applying United States v. Howard, 447 F.3d 1257 (9th Cir. 2006), here permits a parolee to assert greater Fourth Amendment protection in someone else’s home than in his own and is “unsound and warrants reexamination.” Cone, at 983.
In my view, our outcome is compelled not solely by Howard, but also by the text of Grandberry’s parole search conditions, which allow suspicionless searches of only the parolee’s person, his residence, and property under his control. There is no provision permitting parole searches of other people’s houses in which a parolee is an overnight visitor but where he does not reside. Thus, to the degree Grandberry has more substantive protection with regard to searches of his surroundings—but not of his person, assuming proper entry— in other people’s houses, that difference stems largely from California law, as do the “doctrinal inconsistencies,” id. at 985, that trouble Judge Watford.
California may have good reason to tie its own hands with regard to parole searches. The State has an interest protecting the privacy of its law-abiding citizens from intrusion on the basis of simple association with a parolee. To allow suspi-cionless searches of any residence in which a parolee is found threatens the privacy of family, friends, and others who advance the State’s interest in “reintegrati[ng] parolees into productive society.” Samson v. California, 547 U.S. 843, 854, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006). Just as a “cooperative occupant’s invitation adds nothing to ... counter the force of an objecting individual’s claim to security against the government’s intrusion into his dwelling place,” Georgia v. Randolph, 547 U.S. 103, 115, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), California has chosen not to allow the diminished privacy interest of one individual to undermine that of another.
Judge Watford suggests that this third-party substantive interest can be accommodated by allowing a non-parolee whose home is searched to have standing to sue (or to invoke the exclusionary rule if prosecuted). This approach would run into a second line of authority, that derived from Minnesota v. Olson, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), which provides an ordinary overnight guest sufficient privacy interest in a residence to establish Fourth Amendment standing.
Olson recognized that a guest has a lesser privacy interest in a home in which he is a guest than in his own home, id. at 99, 110 S.Ct. 1684, because the host has ultimate control over the residence, including who may enter it and whether the guest may stay. Nonetheless, Olson held an overnight guest’s privacy interest strong enough to give rise to Fourth Amendment standing, because
[t]he host may admit or exclude from the house as he prefers, but it is unlikely that he will admit someone who wants to see or meet with the guest over the objection of the guest.... The point is that hosts will more likely than not respect the privacy interests of their guests, who are entitled to a legitimate expectation of privacy despite the fact that they have no legal interest in the *986 premises and do not have the legal authority to determine who may or may not enter the household.
Id. The parole conditions required in California and imposed on Grandberry do not undermine the limited privacy expectation on which Olson rests, precisely because they apply only to Grandberry’s person, residence, and the property he controls.
There is simply no precedent for precluding an individual from challenging a search in a location in which the search is indeed unconstitutional as to the resident, and the individual would have standing under Olson, and there is no condition or circumstance limiting his privacy interest as to that location. In short, if there is an anomaly here, it is Olson, and not our precedent. And, of course, we are obliged to follow Olson.